UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.3:23-cr-35-TKW

JOSEPH ANTHONY SMITH
_____/

ORDER OF DETENTION

This matter is before the Court on the Government's oral motion to revoke Defendant's release pending sentencing. The Court held a detention hearing on October 3, 2023 and, for the reasons set forth below, finds the motion should be granted and the Defendant detained.

I.   **Legal Standard**

As an initial matter, although Defendant is awaiting sentencing, both the Government and the Defendant agreed the applicable statutory provision governing these detention proceedings is 18 U.S.C. § 3148, rather than § 3143. Section 3148 applies to revocation of pretrial release and section 3143 applies to whether a defendant should be released after a finding of guilt.

According to the Government, because the Eleventh Circuit has not

specifically addressed whether acceptance of a Magistrate Judge's report and recommendation after a change of plea hearing is an adjudication of guilt for purposes of § 3143, the Government felt the safer approach was to proceed under § 3148. Defendant takes a slightly different approach, arguing there is no "adjudication of guilt" for purposes of § 3143, until the Defendant is sentenced. Based on the Court's review of the law in this area, the Court disagrees with the parties and finds Defendant has been adjudicated guilty and thus the applicable standard governing these detention proceedings is § 3143.

While there does appear to be a dispute in the courts regarding whether a tender of a guilty plea to a magistrate judge triggers § 3143,[1] there does not appear to be any disagreement among the courts that once a guilty plea is accepted by the district judge, the defendant has been "found guilty" for purposes of § 3143. *See e.g., United States v. Lewis,* 2013 WL 140412, at *1 (S.D. Fla. Jan. 11, 2013). Here, the district judge has accepted Defendant's guilty plea. As discussed below, however, regardless of whether the Court applies the standards set forth under § 3148

---

[1] In the Fourth Circuit, a magistrate judge's acceptance of a guilty plea, based on consent, triggers § 3143. *See e.g., U.S. v. McGrann*, 927 F. Supp.2d 279 (E.D. Va. 2013) (collecting cases); *U.S. v. Moffitt*, 527 F. Supp. 2d 474, 477-78 (W.D.N.C. Nov. 7, 2006) (same), *but see, U.S. v. Yanni*, 2010 WL 3522271, at *6 (D. Ariz. Sept. 2, 2010) (finding that a magistrate judge's recommendation that has not yet been accepted does not trigger § 3143); *U.S. v. Norfleet*, 185 F. Supp. 2d 315 (S.D. NY 2002) (same).

or § 3143, the Court would reach the same conclusion – that Defendant's release should be revoked.

## II. Discussion

Defendant was charged in a 4-count indictment with one count of conspiracy to commit bank fraud and three counts of bank fraud. ECF Doc. 1. According to the Factual Basis for Guilty Plea, Defendant and his co-conspirators presented fraudulent United States savings bonds to various financial institutions, resulting in a total loss to the financial institutions of $458,353. ECF Doc. 63. Defendant received approximately $94,896 from the fraud. *Id.*

The Government did not move for detention at Defendant's initial appearance and, on May 24, 2023, Magistrate Judge Zachary Bolitho released Defendant on conditions. ECF Doc. 20. Those conditions included the standard condition that Defendant not commit a new crime and a special condition that Defendant not use alcohol at all. *Id.*

On September 13, 2023, Defendant appeared before Judge Bolitho for a change of plea hearing and pled guilty to each count. Judge Bolitho recommended the Court accept Defendant's guilty plea and continued Defendant on release pending sentencing, with the same conditions in place. ECF Doc. 65. The District Judge accepted the plea and set a sentencing hearing for November 30, 2023. ECF

Docs. 66, 67.

On September 29, 2023, the United States Probation Office filed a Petition for Action on Conditions of Pretrial Release after Defendant was arrested by the Hamilton County, Florida Sheriff's Office for (1) public intoxication, (2) simple battery, and (3) criminal mischief. ECF Doc. 76. Based on this arrest, the Government alleges Defendant violated the two conditions of his release: the condition that he not commit a new crime and the condition that he not use alcohol at all.

According to the incident report, Govt's Exh. 1, and the testimony of USPO Officer R. Lee, Defendant's employer met Defendant at a gas station at the end of a work day. When the employer arrived, he found Defendant seated in the passenger seat of a vehicle being driven by R. Brooks. The employer observed Defendant exhibiting signs of intoxication, including stumbling and falling down while getting out of the vehicle and coming towards the employer's vehicle. The employer advised Defendant he would need to let him go for drinking, at which point, Defendant became angry and punched the employer twice in the face through a vehicle window. The Government admitted, without objection, a picture USPO obtained from the victim showing some bruising and redness to the employer's ear where he was hit.

Other employees who were also at the scene attempted to intervene but Brooks displayed a gun and threatened to kill everyone.  Although the gun turned out to be a BB gun, the employer and the others left the scene due to fear for their lives.  Subsequently, officers arrested Defendant and Brooks.

Although Defendant did not testify at the hearing, he denied the allegations when questioned by Officer Lee, and also denied the allegations when questioned by the arresting officer (per the incident report).  Nonetheless, according to the incident report and what the arresting officer told Officer Lee, the arresting officer was able to corroborate the employer's version of events through interviews with other witnesses.[2]  The arresting officer also told Officer Lee he smelled alcohol on Defendant.

According to the First Appearance Order in the Hamilton County case, the court in that case found probable cause for the simple battery and public intoxication charges, but not the criminal mischief charge.

**A. Section 3143**

Pursuant to 18 U.S.C. § 3143, a defendant who has been found guilty of an

---

[2] Although the incident report offered into evidence was not notarized, Officer Lee spoke with the arresting officer and what he told her was consistent with his report.  Also, as stated above, the Hamilton County judge found probable cause for two of the charges.

3:23-cr-35-TKW

offense and is awaiting the imposition of a sentence "shall" be detained unless the Court finds "by clear and convincing evidence"[3] that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Considering the factors contained in § 3142(g),[4] the Court finds Defendant has failed to present clear and convincing evidence that he will not pose a danger to the safety of another person or the community if released.

    First, while the underlying crimes for which Defendant pled guilty are non-violent crimes, the alleged violations are not as they involved a seemingly unprovoked assault by Defendant on his employer. Secondly, according to the bond report, Defendant has a serious problem with alcohol abuse, which led the Court to impose two special conditions to his release – abstaining from all alcohol use and not getting behind the wheel of a vehicle. Specifically, Defendant has been arrested at least six times for driving while under the influence. He was adjudicated guilty on at least two of those occasions and information on the others was unknown at the

---

[3] "Clear and convincing evidence" entails more than a preponderance of the evidence, but less than evidence establishing a fact beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 423-25 (1979).

[4] Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant]'s release." 18 U.S.C. § 3142(g).

time of the hearing. Defendant has also been arrested three times for public intoxication. Additionally, Defendant was arrested in 2007 for felony battery and pled guilty in 2023 to a misdemeanor battery charge (reduced from a sexual battery with slight force charge).

When considering the presumption in favor of detention after a guilty plea along with Defendant's history and characteristics and the nature of his violations, the Court finds Defendant should be detained pending sentencing.

**B. Section 3148**

Finally, even if the Court were to consider the standards for revocation set out in § 3148, the Court would reach the same conclusion. Under 18 U.S.C. § 3148(b), revocation and detention are mandated if the Court finds there is (1)(A) probable cause to believe the Defendant has committed a Federal, State, or local crime while on release; or (1)(B) clear and convincing evidence that the person violated any other condition of release; **and** (2)(A) there are no conditions or combination of conditions of release, considering the factors set forth in section 3142(g), that will ensure the Defendant will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b).

The Court finds probable cause that Defendant committed the crime of simple battery and public intoxication while he was on release. The Court also finds that, given the conditions that are already in place, there are no other conditions which will ensure Defendant will not pose a danger to the safety of any other person or the community, particularly when he has been drinking. And, while the Court appreciates that this incident is Defendant's first violation, it is also a serious one. Moreover, as the Government pointed out, Defendant's failure to acknowledge he has an alcohol abuse problem only further supports the Court's valid concern that Defendant is unlikely to abide by the conditions of his release. The purpose of the Bail Reform Act is not furthered by allowing a defendant who has pled guilty to serious felony offenses to continue to break the law or disregard specific orders of this Court while on release.

**Accordingly, it is ORDERED:**

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections

facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 4, 2023

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**